```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:09CV442-MU-02
```

| | |
|---|---|
| QADER S. ABDUL KARIM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|      v. | ) |
| | ) |
| LYLE YURKO, Private Attorney; | ) |
|    and | ) |
| BRANDY COOK, Prosecutor, | ) |
| | ) |
|     Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint, filed in the United States District Court for the Eastern District of North Carolina on September 21, 2009 (document # 1), and transferred to this Court by Order filed October 15, 2009 (document # 2). For the reasons stated herein, this matter will be <u>dismissed</u> in its entirety.

Plaintiff's claims arise out of his State court criminal prosecution in Cabarrus County, North Carolina. Plaintiff alleges that Defendant Yurko, his former attorney, subjected him to ineffective assistance of counsel; that Defendant Cook engaged in misconduct; and that Defendants' actions resulted in his wrongful imprisonment under an illegal sentence. More particularly, Plaintiff asserts that he was subjected to an active term of imprisonment for offenses for which there were no statutory

authorizations for active terms of imprisonment. In any case, to the extent that this matter even can properly be brought in this judicial district, rather than in the Middle District of North Carolina, Plaintiff's action still must be dismissed.

First of all, Plaintiff's claim against his former attorney sounds in <u>habeas</u> and, as such, cannot properly be brought in this civil proceeding. Furthermore, federal civil rights laws do not provide a cause of action for legal malpractice or ineffective assistance in cases of this nature. <u>See generally</u> <u>Hall v. Quillen</u>, 631 F.2d 1154 (4th Cir. 1980)(affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); <u>and</u> <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. §1983 action against retained counsel). Thus, if Plaintiff has any cause of action at all against Defendant Yurko, he must bring it either in a <u>habeas</u> proceeding or in a State court action for legal malpractice.

Similarly, Plaintiff cannot bring a cause of action for either prosecutorial misconduct against Defendant Cook or for false imprisonment against either Defendant in this civil rights proceeding. In light of the facts which Plaintiff alleges, Defendant Cook would be entitled to prosecutorial immunity. <u>See</u> <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 269 (1993). Moreover, a routine claim of false imprisonment simply does not state a

2

federal cause of action.  Therefore, this action must be dismissed in its entirety.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice for his failure to state a constitutional claim for relief.  28 U.S.C. § 1915A(b)(1).

**SO ORDERED.**

Signed: October 21, 2009

Graham C. Mullen
United States District Judge